UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TERRY E. MACLIN, ) <br> ) <br> Petitioner ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent ) | CAUSE NO. 3:10-CV-340 RM <br> (Arising out of 3:07-CR-77(01RM)) |

OPINION and ORDER

On March 17, 2008, a jury convicted Terry Maclin of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He was sentenced on June 4 to a term of 100 months' imprisonment and three years of supervised release. On March 9, 2009, the Seventh Circuit Court of Appeals affirmed his conviction. *See* United States v. Maclin, 313 Fed. Appx. 886, 2009 WL 605944 (7th Cir. Mar. 9, 2009).

Mr. Maclin is now before the court asking to have his sentence vacated or set aside pursuant to 28 U.S.C. § 2255. In his petition, filed on August 16, 2010, Mr. Maclin claims he received ineffective assistance of counsel because counsel failed "to properly investigate evidence" and the government violated his due process rights by not releasing favorable evidence to him and introducing false evidence at trial.

The rules governing petitions filed under 28 U.S.C. § 2255 provide that once a motion is filed,

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. Examination of Mr. Maclin's submissions confirms that summary dismissal is appropriate.

Motions brought pursuant to 28 U.S.C. § 2255 must be filed within one year of the latest of

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from a making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Judgment was entered in this court on June 4, 2008, and by the court of appeals on March 9, 2009. Even though no petition for writ of certiorari was filed with the United States Supreme Court, Mr. Maclin's conviction didn't become final, for purposes of subsection (1) above, until June 7, 2009, when the ninety-day period for filing a petition with the Supreme Court expired. *See* Robinson v.

2

United States, 416 F.3d 645, 646 (7th Cir. 2005) ("[F]inality attaches for purposes of the one-year limitations period of § 2255 . . . when the Supreme Court affirms on the merits on direct review or denies certiorari, or the time for filing a certiorari petition expires." (*citing* Clay v. United States, 537 U.S. 522, 527 (2003))). Mr. Maclin had until June 7, 2010 to file a timely § 2255 petition. Mr. Maclin's petition was filed on August 16, 2010 and so is untimely because it was filed more than one year after his conviction became final.

Because § 2255's limitations period is procedural rather than jurisdictional, it is subject to equitable tolling, "a remedy reserved for 'extraordinary circumstances far beyond the litigant's control [that] prevented timely filing.'" Nolan v. United States, 358 F.3d 480, 483-484 (7th Cir. 2004) (*quoting* Modrowski v. Mote, 332 F.3d 965, 967 (7th Cir. 2003)). "Equitable tolling of the statute of limitations is such exceptional relief that '[courts] have yet to identify a circumstance that justifies equitable tolling in the collateral relief context.'" Nolan v. United States, 358 F.3d at 484 (*quoting* Lloyd v. Van Natta, 296 F.3d 630, 633 (7th Cir. 2002)).

Mr. Maclin hasn't specifically addressed any of the statute of limitations factors of the statute. He merely states in the portion of his petition that permits an explanation relating to the "Timeliness of Motion" that his "process of briefing undisclosed evidence was prolonged." Petn., ¶ 18. A litigant who claims that the statute of limitations is subject to equitable tolling must establish not only that some extraordinary circumstance prevented him from filing earlier, but also that

3

he has been pursuing his rights diligently in the meantime. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Mr. Maclin hasn't indicated that an extraordinary circumstance prevented the timely filing of his petition or that he has been pursuing his rights diligently.

Because Mr. Maclin hasn't presented any extraordinary circumstance that would justify tolling the statute of limitations in this case, the court concludes that his petition is untimely. Mr. Maclin's petition filed pursuant to 28 U.S.C. § 2255 [docket # 64] is DISMISSED.

SO ORDERED.

ENTERED:   August 23, 2010  


                           /s/ Robert L. Miller, Jr.          
                          Judge
                          United States District Court

cc:    T. Maclin
       AUSA Schaffer
       AUSA Maciejczyk